Filed 11/3/14  P. v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066775 |
| v. | (Super. Ct. No. F12905505) |
| ISAAC GUADALUPE RODRIGUEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Arlan L. Harrell, Judge.

Julia Freis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Franson, J., and Peña, J.

Appellant, Isaac Guadalupe Rodriguez, pled guilty to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)) and he admitted allegations that he had two prior convictions within the meaning of the three strikes law.

Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 27, 2012, Rodriguez was outside a residence when he accused A.R., whom he had recently married, of having an affair. After Rodriguez apologized and A.R. let him into the house to talk, he again began accusing her of having an affair. Rodriguez then grabbed A.R. by the hair, threw her on the ground and began striking her with a closed fist. Rodriguez's mother was at the house and pulled Rodriguez off A.R. who then ran to the kitchen with Rodriguez chasing her. After A.R. hit a table and fell down, Rodriguez began kicking her and striking her with a closed fist. Rodriguez's mother again took Rodriguez off of A.R. and after things calmed down, A.R. agreed to go home with Rodriguez and there were no further disturbances that day.

On May 29, 2012, after again accusing A.R. of having an affair, Rodriguez placed his hands around A.R.'s neck, and began strangling her. Although A.R. did not lose consciousness, Rodriguez left red marks on her neck and the pressure caused her voice to change.

On June 2, 2012, while at their residence packing their belongings to move out, Rodriguez became upset, took the keys to A.R.'s truck, and attempted to drive off. A.R., however, eventually got the keys back and drove off without Rodriguez. Later, she called the police to ask for help in retrieving her belongings from the residence and she reported the two earlier incidents to the officer who responded. The officer observed bruises throughout A.R.'s body and a small cut on her right cheek.

On July 24, 2012, Rodriguez was arrested.

On July 26, 2012, the prosecutor filed a complaint charging Rodriguez with one count of spousal abuse and alleging two prior strikes.

On August 29, 2012, Rodriguez entered his plea in this matter based on an indication by the court that it would strike one of his strike convictions.

On January 10, 2013, the court sentenced Rodriguez to an eight-year prison term, the aggravated term of four years doubled to eight years because of Rodriguez's remaining strike conviction.

Rodriguez's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Rodriguez has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.